

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NOS. 2-08-182-CR
2-08-183-CR
2-08-184-CR
2-08-185-CR
2-08-186-CR
2-08-187-CR
2-08-188-CR
2-08-189-CR
2-08-190-CR
2-08-191-CR
2-08-192-CR
2-08-193-CR
2-08-194-CR
2-08-195-CR
2-08-196-CR
2-08-197-CR
2-08-198-CR
2-08-199-CR
2-08-200-CR

PHYLLIS DAWN HARVEY                                      APPELLANT

V.

THE STATE OF TEXAS                                      STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Phyllis Dawn Harvey waived a jury and entered open pleas of guilt to nineteen charges of robbery, eighteen of which were aggravated and all of which were enhanced with habitual counts. She appeals her convictions and life sentences on each charge.[2] We affirm.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in her professional opinion, the appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Appellant filed a pro se brief, alleging that she received ineffective assistance of counsel and that the

---

[1] *See* Tex. R. App. P. 47.4.

[2] The nineteen life sentences are to run concurrently with each other but consecutively to the conviction for which appellant was on parole when she committed the offenses.

life sentences are grossly disproportionate to the offenses. The State declined to file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeals are frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record in each case. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the records in each case,[3] counsel's brief, and appellant's pro se brief. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the record that might arguably support the appeals. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw

---

[3] The trial court first consolidated ten of the cases and heard evidence on punishment in one hearing. The trial court later consolidated the remaining nine cases for purposes of punishment. Neither the State nor appellant presented any evidence at the second hearing; instead, the State asked the trial court to take judicial notice of the evidence admitted during the first hearing.

and affirm the trial court's judgments.

PER CURIAM

PANEL:  LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 17, 2009

4